Next case is number 2010-1490 in Ray Lund. Mr. Gilbreth. Thank you, Your Honor. This case is about the phrase electrical connecting means. And it is our position that it is defined along one axis that pivots. And the top piece is reversible. And if you look at claim one, the phrase says electrical connecting means adapted to, paraphrasing a little bit, connect members in both a first position and a second position. And this being a means plus function phrase, this electrical connecting means, we look at the specification. Mr. Gilbreth, you're emphasizing the reversible nature of these pieces of equipment. And I see in claim two, as well as some others, the term reversible. But reversible is not in claim one. Isn't that the invention here? I'm sort of puzzled why all the argument is about this electrical connection when the invention seems to be the reversibility of this display means, which is in the other claims, but not here. You know, that's a very good point. When you look at claim one, and it's talking about the first position and the second position, they are indeed reversible. It talks about, in a first position, if you were to look at a clamshell like this, it would fold down like this, and that's the first position. And in the second position, it turns on the back like this, and it's still on the same axis, and it folds down. So, whether you want to call that reversible or not, it's turned over or rotated and turned down. Isn't that your point? Why is the argument over the electrical connection? Well, I'm not quite sure why we wound up there, but the argument has been about, it is about the electrical connecting means, and part of it is the distinction we're trying to make. If you look at the Toshiba reference, it also has a top that can be turned over. And the difference is that we're arguing that it's electrical connecting means. It's almost like you would slide, with Toshiba, you would slide it right here, and its connecting means is over here, and this is a second axis, and then it's over here on the first. But the display means isn't reversible there. It just slides down, right? It doesn't turn around. You know, the effect is to, like if this were the top closing this way, once it gets here, now it's looking up. So the difference is... So you're saying that's reversible? Pardon me? That's reversible? I think in a sense it is, but around two axes instead of around one axis. And I guess our argument is that our electrical connecting means is defined. If you go to, I think it's column four, if you go there, it defines our electrical connecting means as having one of the elements on, it says on the hinge axis, and it says the hinge axis, meaning there's one hinge axis. So in Toshiba you have a display means that's reversible? Yes, you have a display mean. And so you have a first position and a second position? Yes, sir, you have a first position and a second position. And there is an electrical connection there between? There is an electrical connection. I think I understand your question a little better. The reason that we're focused on it is that if you look at our specification, if you look at what we say, and if you look at figures 12 and 15 that show two different kinds of electrical connecting means for us, in both cases that electrical connection is made across a single axis, regardless of which position this is in, whether it's in the first position or second, our electrical connection is made across a single axis in both cases. Well, of course, as I understand your argument, you're arguing that 112.6 should apply, correct? Yes. And therefore we have to look first, what is the function of the means plus function clause, and then we have to look at what structure is associated with that function in the specification. So your argument, as I understand it, is that the function takes you to those two figures, figures 12 and 15. Yes, I think it's way ahead to the structure, and if I could fill in from this. Let me just continue my train of thought here, because step one is what is the function, because until we define what the function is, we don't know what structure we're going to look for. But it seems to me that there is a function here of electrically connecting these two things, which is the display in the computer in one of two positions, but I don't see any functional statement in the claim of rotation or pivotal action or reversible or anything of that sort. It's simply connecting these things in first and second positions. So it seems to me that if that is the function, then that simply brings us to the connector of figure 12 with the little ribbon that's attached to it, or the ribbon in figure 15 and nothing else. I think there's a little bit more in claim one that talks about what those positions are. They're in a first position in an overlaying relation of said housing, with said display means facing away from said housing for use of said data entry array, and alternatively to be pivotally positioned in a second position in an overlying relation. Well, that's a discussion about other elements, but that's not the function set forth in the electrical connecting means plus function clause. So in the bottom where it says electrical connecting means adapted to electrically connect said display means and said data entry array to said computer means, but I argue you can't stop there. It's not just merely to connect those two things. It's to connect them in both said, that's right, I went back up, said first and second positions, and I wrestled with this a long time too. And you can't just stop at the connecting A and B together. It's connecting them in said first and second positions, and then when you go up and figure out what the first and second positions are, that's where the rotating and that's where the pivoting and the change of orientation come in. The first and second positions are really just sort of the end points. It doesn't necessarily specify how you get there. Shifting, sliding, rotating, reversing, none of that is specified in the means plus function clause. That's correct. Those are not. So why is it that the structure that you would refer to in construing the means plus function clause would include anything other than simply the connector in figure 12 with the little ribbon wire or the wire itself in figure 15? I guess once we are stuck with the means plus function language and we go back and we look for structure in the written description, not only do we have figures 12 and 15, in column 4, lines 19 to 24, it's talking about the electrical connector assembly, which it calls it here, includes a card edge socket pivotally mounted on the hinge axis and connected to the main circuit board and there's more language, but we are limited by the structure that we put in the application and that structure defines those. In writing right here, it defines it as being on the hinge axis and then if you look at the figures, it's also centrally positioned and it would be on the back of the computer base and it would be on the bottom of the display. It would be right back there because that's what we show in figures 12 and 15. But all of that additional structure is structure that enables the connector to connect but doesn't actually perform the function that's recited in the means plus function clause. Just as in the ACE case, for example, where there were additional connecting wires that were necessary in order to get the microprocessor to function, the function was limited to the microprocessor. It's the same situation here, is it not? I disagree slightly and I disagree in this way. If that were the case, then the back language of saying in said first and second positions wouldn't really matter. It would just be to connect A and B. But it's not. It's to connect A and B. And then once you go into our specification and see specifically what our structure was, we didn't disclose just any connectors in any arrangement. We disclosed it in such a way where it says that one part of it is on the hinge. It's got to be connected on the hinge axis. It can't be connected anywhere else. So it's not like we're bringing in extra structure. This is how it was defined as a means plus function. This is really the problem, though, isn't it? Because here we have claims, the dependent claims from Claim 1, 2 through 9, and they're not in reexamination, so they stand. And if you look at them, at least it looks to me as if they are sufficiently specific to at least Figures 12 and 15, the two illustrated embodiments. And therefore, isn't it reasonable to expect that the office in reviewing Claim 1 for reexamination would interpret that particular clause, the electrical connecting means, which is the subject of the dependent claims, more broadly than what's in the dependent claims? And I thought I heard you just say that it's not your intention that that clause be interpreted more broadly despite the one sentence in the specification, because you're limited by 112.6. That's correct. So what is the argument here? Why are we fussing with Claim 1? I think we're fussing with Claim 1 because the Patent Office wouldn't allow it. Because on its face, the interpretation that's being sought is broader than the illustrated embodiments, and that takes us to Toshiba, to the cited references, which, at least on superficial inspection, do have different connecting means. So unless the intention, the interpretation of that claim is to cover other connecting means beyond what's shown specifically under 112.6, then they must be correct, that the prior art does apply to the connecting means. The differences that you've pointed out really are subsumed in the interpretation that necessarily you're asking for Claim 1. That is, more breadth than in Claims 2 to 9, and more breadth than in the specific embodiments under 112.6. Are you just saying that the dependent claims would have broader breadth than what would be granted if it were a means plus function? I'm saying unless Claim 1 is a broader breadth than the dependent claims, it really has no role, and the references that the Office is relying on are of broader breadth as far as the connecting means is concerned, broader than your specific embodiments. So unless the intention is for Claim 1 to cover means broader than the specific embodiments, then aren't they correct that on reexamination it's subject to this prior art? That would be correct. Our intention is to have it claim that electrical connecting means to be interpreted as a means plus function claim. You have no choice. We have no choice. And to be limited to the embodiments that we show in the application and, of course, equivalence thereof. So you're saying Claim 1 is intended to be interpreted more broadly than 2 through 9, which are directed to the embodiments in the specification? No. Claim 1 cannot be interpreted more broadly than the dependent claims. Then why do you want it? Why are you contesting the rejection? Why are you here? Those other claims weren't in reexamination, were they? So they stand, or is that correct? No, they do stand. I guess I don't fully understand the question. We feel like the claim— Maybe by your appeal with respect to Claim 1, you're damaging the claims that aren't being challenged for reexamination. I guess I don't understand the position. All right. Maybe we don't either. I haven't given that a whole lot of thought. We'll ask the office if they have a position on this. We will save your rebuttal time, Mr. Buol. Thank you. Okay, Mr. McManus, what do you think of all this? May it please the Court. I think we're focused in on the right thing here, which is if this is a means plus function claim, the first step is what's the function? And it has to be in the claim. We can't start importing functions into the claim in the same way we can't import limitations. You don't put the means in the claim. That's what the purpose of 112.6 is. You just put the function in the claim. Correct. And when you look at the function of this electrical connecting means in Claim 1, it is simply to electrically connect. Well, to connect the array to the computer means in first and second positions, which implies a reversal, doesn't it? Which is like Claim 2. Well, it's interesting. I mean, it may imply. I don't know that it requires reversal. It certainly contemplates that if you have, you know, this is sort of your classic notebook, laptop configuration. This is your first position, and then there's a second position, a tablet, iPad-type formulation. But this claim, and this gets to Judge Lynn's question, this claim doesn't require any particular way of getting there. It just simply says it has to have a first position and a second position and that the electrical connecting means has to make sure that it doesn't prohibit. It has to be adapted to permit it to be here and to be here. And we addressed this at page 17 and 18 of our brief. Crossland's flexible cable does exactly that. Crossland teaches I electrically connect my screen to my housing using a flexible cable because it allows the user to configure that screen in a way that's convenient for them. And there's no dispute, frankly, on what kinds of connecting means were in the art or electrical connecting apparatus was in the art or that, in fact, it would even permit it to be in first and second positions. That's exactly why Lund is trying to graft all these additional limitations into the claim. He's dead on the proper reading of the claim. He needs to start throwing additional things into the claim in order to try to distinguish from the art. But we end up back at the problem that Judge Lynn was driving at, which is this claim doesn't have any recognition of reversibility or the particular flipping it or axes. It just simply says first and second position. Mr. McManus, the board, as I understand it, decided for its analysis and for purposes of the obviousness rejection to treat this phrase as a means plus function phrase, as a 112-6 clause. Correct. And then the board immediately discusses structure. Where is the board's analysis of what the function is in that clause? That's a fair point. Maybe it's not there. I think it's fair to say that it's not explicitly here. It's implicit. The best I could find is just that it's implicit in the last statement on page A-5 before the heading gram factors. No structure beyond what is needed, quote, to electrically connect, et cetera, is required, which simply repeats the functional language from the clause. That's fair, Your Honor. I think, first, there's never been any contest about what the function is. In front of the board and in front of this Court, we all agree that at a minimum. Is that true? I mean, isn't the argument that the board overlooked the part of the functional statement that says connecting in both the first and second positions? That's certainly the way he phrased it in his reply. I'll say two things. First, at A-8, the board in its analysis of Claim 1, in the discussion of why the art teaches the particular structure for the function, the board says, quote, those skilled in the art knew how to employ a variety of electrical connections. I think that's a recognition that the board understood that the function we're talking about here is an electrical connection. Why? Because the art teaches electrical connections in any number of ways, including plugs and sockets and flexible cables. Second, if you look at Lund's initial brief to this Court, when he identifies the function, he characterizes it in exactly that same way. He says the function is, for example, this is at page 8 of his brief. He says Claim 1 recites an electrical connecting means with its function to, quote, electrically connect said display means, yada yada, means in both said first and second positions, i.e. He quotes the text from the claim. Because, of course, the claim has to identify the function. His argument really is that that notion of first and second positions somehow incorporates all of these facets that we can infer from the figures that are referred to in this spec. But this just highlights the problem with reading these limitations in through that first and second positions. First, as you pointed out, this claim doesn't give any indication to one reading it that there's some limitations on a particular apparatus as to how I get to first and second positions. Second, when you go read the spec and you see the disclosure about how am I affecting my electrical connection, and this is explicitly at A1036, when specifically, for example, column 13 starting about lines 52, the specification discusses that separal electrical connector assembly 131. It's shown in figure 12. But when we read the specification about this particular assembly, there's no contemplation of how I put it in first and second position. It is simply, I have a plurality of sockets, they interface, they communicate electrically, and that's it. There's no further recitation or indication, linkage, as it were, of the 112.6 parlance, that when I talk about my structure for performing that function, that I contemplate anything more. What he's basically doing is he's looking at figure 12, which happens to depict the assembly 131, and he's saying, well, in this particular picture, it's on the back of the housing and it's at the center, and it remains in the same place, and all of these things that he's sort of extracting from the picture, but there's no indication in the one of skill in the art reading this that this claim is limited to that orientation. In fact, there's no reason to believe that if I put the connection off to the side, it would still be the same. We'd be doing the same function. But why isn't it limited by 112.6? I'm sorry? Claim one. Why isn't it limited if it's read under 112.6 to those two drawings? Well, the problem is there's no indication that when he identifies his structure for the electrical connecting means that we're talking about the particular orientation or design in those figures. If you look at column 13 again, this is the discussion of the assembly 131, it doesn't even refer to figure 12. In fact, if you look at his brief, when he goes through his additional limitations, these five additional limitations at pages 10 to 12, there isn't a single citation to a column or line. He's just, I don't want to sound disingenuous, but he's literally just looking at the picture and saying, well, it happens to be shown here and it happens to do this, and so that must be part of that electrical connecting means. But again, to take it back, what's the function? The function is an electrical connection. It has to permit the connection in first and second positions, but that is it. To go any farther is to run afoul of this notion of the quid pro quo of 112.6 claiming. You have to make clear that what the function is and, more explicitly, what is the structure in my spec, and that is just completely absent here. Shouldn't the board have provided both the applicant and now the court with at least the benefit of some of the analysis that we've been discussing here with respect to the function? It seems to me that if the board is going to assume without deciding that this is a means plus function clause, shouldn't the board at least rigorously follow the normal analysis and begin with a discussion of the function and provide some clarity as to the views of the office as to what the function is and why certain structure is being considered appropriate? Here we just jump right into a discussion of structure almost in the abstract and just at the tail end, inferentially, say, well, don't need anything else. It seems to me it would have been far better for the board to go through a little analysis and at least to explain that with respect to the function, the function doesn't include any functions of pivotal mounting or rotation or hinges or anything of that sort. The function simply calls for an electrical connection. At least that would have guided the analysis with respect to what the structure is. It's a fair point, Your Honor. Your Honor, perhaps that statement that you pointed to in the statement at A8 was a little oblique. I think part of the reason why you maybe don't find an explicit statement along the lines of the function is because when you look at the board briefing, that doesn't seem to be what everyone's focusing on. They're focusing on the structure. It's almost a given that, okay, there's an electrical connection function here. And this notion of first and second positions is maybe... But it makes a whole difference because if in fact, just in the abstract, you say, well, it's means plus function, so we look to the spec and the spec is figure 12 and figure 15, what does that mean? How much of figure 12, how much of figure 15 are the hinges included? Is the placement of the hinges at the central part of the back of the laptop included? Because if in fact that additional structure is part of the claim, then we've got to look to see whether that can be found in the prior art, which maybe it's not. So I think it's of critical importance and certainly should have been spelled out. Again, it's a fair point, Your Honor. I think based on the entire board decision when you read it, it's clear that they understood the function to simply be the electrical connection for the two passages that we've cited. And I think as with the briefing at this court preceded, and particularly in view of this reply brief, where there was a little bit more emphasis on the first and second positions, perhaps now in hindsight that makes the board's decision maybe seemingly... There were some things maybe we prefer to see in there. But I don't know that at the time that was frankly something that was at all in dispute. And again, it's clear from this decision what they saw the function as and where it stopped. That sentence that no structure beyond what quoting the claim, the claim function is, is required is, and citing to the asked case, is a statement that I'm limiting myself to the electrical connection and all of these additional features have nothing to do with it. So if there are any further questions. No more questions? No more questions? Thank you, Mr. McManus. Thank you. Mr. Gilbreth, you have some rebuttal time. Thank you. I'm only given ten minutes. No. I think... How much time did we have left on Mr. Gilbreth's? We have less than half an hour. None? Okay. Let's make it three minutes. Thank you. One quick thing. It is true that we did a lot of focusing on figures 12 and 15 to look for the structure. But there is clearly, there is clearly a passage in column four lines 19 through 24 that says that this connector is on the hinge axis. And this is something I keep holding on to. And the last phrase of saying it appears that the board looked at it and was just focused on the electrical connection with all this other stuff, as we're calling it. Then that would mean that the last part of the claim, in both said first and second positions, has no meaning, has nothing to do with the claim. And our argument is that the first and second positions are critical. In fact, our first and second positions are different than Toshiba's. Because our first and second positions are first ones here, just like this on this axis, and then you turn it around and it's like this. And it's always here. And I noticed when you did the demonstration, here's Toshiba. Toshiba's first position is here and the second position is over here. So their first and second positions are very different. So when you go to our- But you have those claims, claims 2 to 9 or whatever, and you conceded that claim 1 is not broader than claim 2. So you've got that coverage that distinguishes you from Toshiba. You know, I haven't looked. Honestly, I haven't thought about that and I haven't looked at those claims. And I don't want to just say, okay, I'm ready to walk out the court and just leave it. And you may be right on that, but I'm just too insecure to just quickly figure that out. And I guess I have never given much thought to that. I was brought in to work on this on the re-exam and I had my marching orders. And I guess back to the point I wanted to make is clearly there is structure. So when you go in, after you understand the positions, and you go in and you look, column 4, and you can say, okay, Mr. Gilbreth looked at 12 and 15 and is just making this stuff up maybe, but column 4 clearly says that it's on the hinge axis. It doesn't say it moves between the hinge axis and axes. It's on the hinge axis. And again, our first and second positions are on that hinge axis on the right. Okay. Any more questions? Any more questions? Okay. Thank you, Mr. Gilbreth and Mr. McManus. The case is taken into submission.